IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ALFREDO MAMANI | § | |
| and PATRICIA GONZALEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-11-106 |
| | § | |
| AIG NATIONAL INSURANCE | § | |
| COMPANY, INC. | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, AIG National Insurance Company, Inc. (AIG); the Motion seeks the dismissal of the Complaint of Plaintiffs, Alfredo Mamani and Patricia Gonzalez. The Motion is ripe for determination and the Court now issues this Opinion and Order.

Plaintiffs' residential rental property was damaged by flood waters during Hurricane Ike. At the time, the property was insured under a Standard Flood Insurance Policy issued by AIG, a WYO carrier under the National Flood Insurance Program. AIG sent an adjuster to the property. The adjuster spoke with Mamani and the tenants who had remained during the hurricane. After examining the claimed flood damages the adjuster determined that any covered damage was insufficient to meet the Plaintiffs' deductible. Consequently, AIG made no payment under the policy.

Plaintiffs then hired an attorney, David Spradlin. On February 4, 2009, AIG received from Spradlin a sworn Proof of Loss (POL) in the amount of $111,578.38 signed by Mamani. On March 4, 2009, AIG sent Spradlin a letter rejecting the POL and denying the Plaintiffs' claim.

On August 4, 2009, AIG received a letter from another attorney representing the Plaintiffs, Sam Bearman. Enclosed with the letter was another sworn POL signed by Mamani, this one was in the amount of $279,100.00. Also enclosed was a contractor's repair estimate in the amount of $83,250.00. By letter dated August 26, 2009, AIG informed Bearman it was rejecting the POL. More than one year later, on September 1, 2010, Plaintiffs sued AIG for breach of contract.

In its Motion for Summary Judgment, AIG argues that Plaintiffs' lawsuit was not timely filed and should be dismissed as time-barred. The Plaintiffs have not filed a response, but the Court cannot grant summary judgment by default; however, in the absence of a response, the Court may accept the movant's evidence as unopposed and determine whether that undisputed evidence merits summary judgment. See Eversley v. MBank of Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

In the opinion of this Court, the only relevant "undisputed" fact in this case is the date upon which AIG notified Plaintiffs it had rejected their initial POL and denied their claim, to wit: March 4, 2009. That denial triggered the one year limitations period and the Plaintiffs' Complaint filed on September 1, 2010, was untimely. Cf. Qader v. FEMA, 543 F.Supp. 2d 558 (E.D. La. 2008). But even assuming the second POL could have

reinstated the limitations period and the August 26, 2009, denial letter could have "retriggered" it, Plaintiffs' Complaint was still untimely.

It is, therefore, **ORDERED** that the Motion for Summary Judgment (Instrument no. 24) of Defendant, AIG National Insurance Company, Inc., is **GRANTED** and the Complaint of Plaintiffs, Alfredo Mamani and PatricialGonzalez is **DISMISSED**.

**DONE** at Galveston, Texas, this      9th      day of September, 2015.

_____
John R. Froeschner
United States Magistrate Judge